**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MDIG Creditor Trust,<br><br>    Plaintiff,<br><br>v.<br><br>Aaron Wittenberg, et al.,<br><br>    Defendants. | No. CV-21-01463-PHX-GMS<br><br>ADV PRO NO. 2:21-ap-00148-DPC<br><br>**ORDER** |

  Before the Court is a Motion to Withdraw the Reference of Adversary Proceeding (Doc. 2) brought by Defendants Aaron Wittenberg, Stacie Wittenberg, Peter Steinberg, Deborah Davis-Steinberg, Abjihit Shah, Neepa Shah, John Eelkema, Bart Hovey, Waheed Jalalzai, Orlando Micheli, William Romano, and Tamim Sultani ("Defendants"). For the following reasons, Defendants' Motion is denied.

## BACKGROUND

  This case comes to the Court from the United States Bankruptcy Court for the District of Arizona, where Jeremiah Foster, liquidating trustee ("Trustee") for the MDIG Creditor Trust ("Plaintiff"), has brought an adversary proceeding against Defendants. *See* Complaint, *Foster v. Wittenberg et al. (In re Med. Diagnostic Imaging Grp., Ltd.)*, No. 21-ap-00148-DPC (Bankr. D. Ariz., May 27, 2021), ECF No. 1. Plaintiff alleges that Defendants, in their capacity as directors and insiders of the Medical Diagnostic Imaging Group, Ltd. ("MDIG" or "Debtor"), caused Debtor to, *inter alia*, make over $1.8 million

in payments to insiders and to incur losses all while Debtor was insolvent. *Id.* ¶ 1. According to the complaint, Defendants (1) breached their fiduciary duties to Debtor and (2) benefitted from a series of preferential and fraudulent transfers, which Plaintiff now seeks to avoid and recover. *Id.* at 19–24. Plaintiff also objects to claims made by Defendants Jalalzai, Romano, Sultani, and Wittenberg against the bankruptcy estate. *Id.* at 25. Defendants have moved to withdraw the reference, arguing that this Court ought to preside over the entire adversary proceeding. (Doc. 2.)

## DISCUSSION

### I. Legal Standard

28 U.S.C. § 157 states, "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This District refers all bankruptcy cases to the Bankruptcy Court. *See* General Order 01-15 (June 29, 2001). However, district courts "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

When determining whether cause to withdraw exists, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

### II. Analysis

#### A. Core vs. Non-Core

In determining whether there is cause to withdraw, courts "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures*, 4 F.3d at 1101 (cited approvingly by the Ninth Circuit in *Sec. Farms*, 124 F.3d at 1008). "Hearing core matters in a district court

could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues" and "may enter appropriate orders and judgments." *Id.* (internal quotation and citation omitted).

However, a determination that a claim is non-core does not necessarily mandate withdrawal because a bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). Where a bankruptcy court hears a case under its "related to" jurisdiction, the bankruptcy court cannot issue a final decision on the case. The bankruptcy court instead

> shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

*Id.* "[A] civil proceeding is 'related to' bankruptcy if its outcome could conceivably have any effect on the bankruptcy estate." *Bethlahmy v. Kuhlman (In re ACI-HDT Supply Co.)*, 205 B.R. 231, 237 (B.A.P. 9th Cir. 1997).

To determine whether a proceeding is core or non-core, courts look to see if the proceeding "is created by title 11 or . . . depends upon resolution of a substantial question of bankruptcy law." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 219 (D. Haw. 2006) (citations omitted); *see also Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1076-77 (9th Cir. 1991). 28 U.S.C. § 157, which contains a non-exhaustive list of matters considered core, also includes catch-all provisions stating that "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A), and "other proceedings affecting the liquidation of the assets of the estate" are core proceedings. *Id.* § 157(b)(2)(O); *Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 443 (N.D. Cal. 2016). However, as courts recognize a broad definition of what is core may pose constitutional problems, the catch-all provisions in § 157 are construed narrowly. *See Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 162 (9th Cir. 1986); *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 740 (9th Cir. 2009). By contrast,

"[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy[,] it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

Additionally, bankruptcy courts lack constitutional authority to finally adjudicate a subset of statutorily defined core claims. *See Stern v. Marshall*, 564 U.S. 462, 482 (2011). For instance, § 157(b)(2)(H) expressly classifies actions to "determine, avoid, or recover fraudulent conveyances" as core claims, but bankruptcy courts may not render final judgments as to those claims because doing so would violate Article III. 28 U.S.C. § 157(b)(2)(H); *see also Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 562 (9th Cir. 2012), *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014). These *Stern* claims are effectively treated like non-core claims: A bankruptcy court may hear the matter and issue proposed findings of fact and conclusions of law, subject to de novo review by a district court. *Arkison*, 573 U.S. at 36. If the parties consent, the bankruptcy court may still render final judgments as to both *Stern* and non-core claims. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 674 (2015).

The complaint in the adversary proceeding sets forth five causes of action: (1) Breach of Fiduciary Duty; (2) Avoidance of Preferential Transfers, 11 U.S.C. § 547; (3) Fraudulent Transfers, 11 U.S.C. §§ 544, 548; (4) Recovery of Avoided Transfers, 11 U.S.C. § 550, and (5) objections to claims filed by Defendants Jalalzai, Romano, Sultani, and Wittenberg. *In re Med. Diagnostic Imaging Grp., Ltd.*, No. 21-ap-00148-DPC, ECF No. 1. The parties do not contest that while the second, third, fourth, and fifth causes of action are core proceedings, the cause of action for breach of fiduciary duty is non-core. (Doc. 2 at 5); (Doc. 7 at 11.)

A claim for breach of fiduciary duty arises under state law and is regularly considered outside of bankruptcy. *See Everett*, 556 B.R. at 444 (finding claim for breach of fiduciary duty under California law to be non-core). However, as the claim could

nevertheless "conceivably have [an] effect on the bankruptcy estate," it is "related to" the underlying bankruptcy. *ACI-HDT Supply*, 205 B.R. at 237. By contrast, the other four causes of action arise under Title 11. Because they "invoke a substantive right created by the federal bankruptcy law," they are core proceedings. *In re Eastport Assocs.*, 935 F.2d at 1076 (quoting *In re Wood*, 825 F.2d at 97).

### B. Cause for Withdrawal

#### 1. Efficiency

Interests of judicial economy and efficiency would be best served in this action by allowing the bankruptcy court to retain jurisdiction over the adversary proceeding. For one, the bankruptcy court has far greater experience with the underlying bankruptcy estate and the parties' claims, having presided over both the bankruptcy case since 2019 and the associated adversary proceeding since 2021. Allowing the bankruptcy court to continue presiding over the adversary proceeding, even if the proceeding itself remains in the early stages, would allow the parties to benefit from "the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them" and promote "judicial economy and efficiency." *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787–88 (9th Cir. 2007). Further, while Defendants are correct that there is a matter related to the adversary proceeding pending with the Court, the matter has been stayed since January 2020 because of the bankruptcy. *See Patel v. MDIG Ltd.*, No. CV 19-4983-GMS (D. Ariz. Jan. 10, 2020), ECF No. 70. No decisions have been made on the merits, no discovery has been taken, and the parties represented to the Court at a status conference on February 25, 2022 that they were exploring whether the matter could be dismissed and wholly resolved in the bankruptcy court. *Id.*, ECF No. 86.

Defendants additionally argue that their jury trial demands weigh in favor of a finding that efficiency would be best served by withdrawal of the reference. Defendants are correct that a valid demand for a trial by jury may "have the effect of mandating withdrawal to the District Court for trial." *Growe ex rel. Great N. Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 492 (D. Me. 2005). But "a Seventh Amendment jury trial right does

not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d at 787. "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters," because only "by allowing the bankruptcy court to retain jurisdiction over the action until trial *is actually ready* do we ensure that our bankruptcy system is carried out." *Id.* at 787–88; *see also In re Castlerock Props.*, 781 F.2d at 161 ("In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master.").

Further, Defendants admit that four from their ranks—Defendants Jalalzai, Romano, Sultani, and Wittenberg—have made claims on the estate. When a party "submits a proof of claim against the bankruptcy estate . . . , it submits to the equitable jurisdiction of the bankruptcy court and waives its Seventh Amendment right to a jury trial" *Star Mountain Plan Tr. v. Titan Mining (US) Corp.*, 635 B.R. 789, 794 (D. Ariz. 2021); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989); *Langenkamp v. Culp*, 498 U.S. 42, 44–45 (1990). However, this waiver of the Seventh Amendment applies only to core claims; a party preserves a right to a jury trial on non-core claims if a jury trial was properly demanded. *See Burdette v. Emerald Partners LLC*, No. C15-816-JCC, 2015 WL 4394859, at *4 (W.D. Wash. July 16, 2016) ("Defendants should not be deemed to have forfeited the right to a jury trial on the non-core claims because of the proof of claim filed in the bankruptcy proceeding."); *see also Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993). Thus, not all issues will go to a jury: Some Defendants have asserted a right to a jury trial as to all claims, core and non-core, while others are only eligible for a jury trial on the single non-core claim in the adversary proceeding. The bankruptcy court will therefore be able to issue final judgments against some Defendants on some claims, reducing the scope of the issues this Court will ultimately confront when either reviewing the bankruptcy court's proposed findings of fact and conclusions of law or conducting a jury trial on disputed issues of fact.

Finally, Defendants argue that the breach of fiduciary duty claim substantially

predominates over the core claims to the point that it would be more efficient to have the Court consider all claims at the first instance. Nevertheless, the single non-core claim arises out of the same set of facts as the four core claims, namely the conduct of Defendants in their roles as directors of the Debtor. *Cf. Everett*, 556 B.R. at 445 (finding non-core claims substantially predominated when they were "factually, legally, and temporally distinct" from other issues considered by the bankruptcy court, and the bankruptcy judge had already severed the non-core claims into a separate adversary proceeding). Additionally, the core claims before the bankruptcy court will require factual discovery as to each claim that will likely overlap with discovery on the fiduciary duty claim, and Plaintiff represents that it will likely amend its complaint to state additional core claims as it conducts discovery. (Doc. 7 at 3.) And as stated above, by allowing the bankruptcy court to preside over the adversary proceeding for as long as it is able, the Court and the parties will benefit from its knowledge of the estate, the parties' claims, and the applicable law as the case develops. Therefore, efficiency concerns counsel against withdrawing the reference at this time.

### 2. Delay and Costs to the Parties.

Considering the potential of delay and costs to the parties, it is true that the parties may incur additional costs should they seek review of pretrial decisions made by the bankruptcy court in this Court, and that the Court's review of such decisions may cause delay. However, "it is unclear that any delay or costs associated with declining to withdraw the bankruptcy reference outweigh the efficiencies gained by having the bankruptcy court preside over all pretrial matters in the first instance," given the bankruptcy judge's "familiarity with the issues in this case." *In re Howrey LLP*, No. C 13-3910 SBA, 2014 WL 3725483, at *3 (N.D. Cal. July 15, 2014). And as the *Patel* action remains stayed indefinitely due to the bankruptcy proceeding, consolidation of both matters in this Court is unlikely to reduce costs in any meaningful way. Therefore, this factor weighs against withdrawal of the reference.

### 3. Uniformity of Bankruptcy Administration

Withdrawal of the reference would adversely affect the uniformity of bankruptcy administration. The fifth cause of action in the Complaint objects to Proofs of Claim filed by four Defendants in the adversary proceeding. *See* Complaint, *In re Med. Diagnostic Imaging Grp., Ltd.*, No. 21-ap-00148-DPC, ECF No. 1, at 25. There are at least 63 Proofs of Claim filed by creditors in the underlying bankruptcy. (Doc. 7-1 at 4.) Withdrawal of the reference would lead to piecemeal adjudication of Proofs of Claim, some in the bankruptcy court and some in this Court. The interest of uniform bankruptcy administration is best served by the adjudication of all Proofs of Claim in the same forum by the same judge. As uniformity would not be served by withdrawal of the reference, this factor likewise weighs against granting Defendants' motion.

### 4. Forum Shopping

Finally, "the prevention of forum shopping is not a concern here as only this Court has the power to enter final judgment on" the non-core claim and conduct a jury trial as needed. *Everett*, 556 B.R. at 445. Therefore, this factor is neutral and neither weighs in favor nor against withdrawal of the reference.

In sum, the Court concludes that permissive withdrawal of the reference is not warranted at this time because only one cause of action is non-core, and efficiency does not favor withdrawal of the reference.

### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Withdraw the Reference of Adversary Proceeding (Doc. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 14th day of April, 2022.

_____
G. Murray Snow
Chief United States District Judge